THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAX BECKER, Defendant.

Supreme Court, Cayuga County, January 13, 1930.

*Richard J. Shanahan,* for the defendant.

LEWIS (EDMUND H.), J. The defendant, an inmate of Auburn Prison, was indicted in Cayuga county on January 7, 1930, for murder in the first degree, the alleged crime having been committed in the prison riot of December 11, 1929.

He makes this application under section 347 of the Code of Criminal Procedure preliminary to a motion to remove the place of trial from the Supreme Court of Cayuga county to the Supreme Court of another county upon the ground that a fair and impartial trial cannot be had in Cayuga county.

The sections of the Code of Criminal Procedure which control this application are as follows:

" § 344. When, and in what cases, indictment may be removed before trial. A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed from the court in which it is pending, as provided in this chapter, in the following cases: * * *

" 2. From the supreme court, or a county court, or a city court to a term of the supreme court held in another county, on the ground that a fair and impartial trial cannot be had in the county or city where the indictment is pending."

" § 346. Application for removal, how made. The application for the order of removal must be made to the supreme court, at a special term in the district, upon notice of at least ten days to the district attorney of the county where the indictment is pending, with a copy of the affidavits or other papers on which the application is founded.

" § 347. Stay of trial, how obtained, to enable defendant to apply for removal. To enable the defendant to make the application, a judge of the supreme court may, in his discretion, upon good cause shown by affidavit, make an order staying the trial of the indictment, until the application can be made and decided."

The right to remove the place of trial of an accused from one county to another, where a fair and impartial trial cannot be had in the county where the indictment is pending, has long existed. It existed under the common law and was subsequently incorporated into the statutes of the State. The provisions of the Code of Criminal Procedure upon the subject have been evolved from previous legislation and, so far as they extend, now contain the rule of law governing such an application. The right of every person accused of crime to have a fair and impartial trial before an unprejudiced jury, is a fundamental principle of criminal jurisprudence. For the protection of persons accused of crime, the law, as a safeguard against local prejudice, has provided this remedy. (*People* v. *McLaughlin*, 150 N. Y. 365.)

" Speedy justice," as a common phrase, describes the proper administration of criminal law only when full emphasis and meaning is given to the word " justice." Proper administration of criminal justice calls for prompt action on the part of all who are officially concerned. The speed of that action, however, should not be governed by the degree or foulness of the alleged crime but by the personal rights of the accused. Reasonable time to protect those rights which the law affords him is all the accused can seek or should receive.

Upon the showing made by the affidavits read in support of this application I have reached the conclusion that the defendant is entitled to an opportunity to apply to the Supreme Court under section 346 of the Code of Criminal Procedure, and any other law applicable thereto, for an order changing the place of trial from the Supreme Court of Cayuga county to the Supreme Court to be held in another county upon the ground that a fair and impartial trial cannot be had in the county where the indictment is pending. For that purpose the trial of the defendant under the indictment pending should be stayed until the determination of a motion for such removal of the place of trial to be made returnable at a Special Term of the Supreme Court in the Seventh Judicial District of the State not later than January 27, 1930.

Order accordingly.